**Willie C. ENGRAM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17974.**

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 9, 1963.

Decided Oct. 17, 1963.

Mr. David A. Fegan, Washington, D. C., (appointed by this court) for appellant.

Mr. Robert D. Devlin, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and William H. Collins, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, BURGER and MCGOWAN, Circuit Judges.

PER CURIAM.

The appeal is from convictions of appellant of unauthorized use of a vehicle in violation of 22 D.C.Code § 2204, and of robbery in violation of 22 D.C.Code § 2901. Appellant was tried with a co-defendant indicted with him. On cross-examination during the trial before a jury the complaining witness in the robbery charge was asked by defense counsel could she tell the jury which of the "two persons" took her purse. She replied, "I could not tell you which of the two took it. I can tell you the one that admitted taking it." At the bench the judge at the request of appellant's counsel said he would strike the volunteered part of the answer and tell the jury to disregard it.[1] The examination then proceeded, and the matter was never referred to in open court. No objection was made to the instructions as given and no further request was addressed to the court regarding the matter, although it should have been clear to defense attorneys that the court had omitted to tell

1. Though the court later in the trial held that certain statements of the defendants at the police station were inadmissible under the Mallory rule, Mallory v. U. S., 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479, no question under that rule is before us on the appeal.

the jury to disregard the statement. The evidence of guilt was strong, including but not limited to identification of appellant by the complaining witness. Moreover the admission referred to was not attributed to this appellant. In light of all the circumstances the incident clearly is not of sufficient significance to justify reversal.

Affirmed.